Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
This is an action of assumpsit, tried on the issue of non-assumpsit, and a verdict and judgment ren *21 dered for the defendants below, to reverse which, this writ of error is prosecuted: As a necessary part of the evidence on the part of the plaintiff, he attempted to give in evidence, a copy of articles of agreement relative to the sale of land, and a conveyance of the same land. With these, his cause of action appeared complete, without them, there was such a chasm in the evidence, that he could not recover. The court below on the application of the defendants, rejected these copies as inadmissible, and afterwards, for the defect in the evidence, instructed the jury as in case of a non suit.
To make the copy of an enrolled deed evidence, the certificate of proof, or acknowledgement and regis'ration recorded with it must be transcribed and all certified that it may appear the statute was observed.
Motion for new trial.
Surprise may be grounds for a new trial, but the rejection of copies of deeds, having no certificate of registration, but only the words “A copy teste,” signed by the clerk, is not sufficient cause of surprise.
*21 At the close of each of these writings, and immediately following the signatures of the parties, was this attestation—“A copy teste, James Sudduth, deputy clerk of Bath County.”
There was no certificates annexed to these instruments, shewing that either of them had been acknowledged, or proved for record as the Acts of Assembly require, nor any other proof of their genuineness.
It is well settled, that copies of conveyances and such writings as the law directs to be recorded, may be given in evidence, in lieu of the originals.
But it is necessary that it shall appear by the certificate of registration recorded with the deed, and copied with it when copies are certified, that the requisites of law have been complied with, to entitle it to record. Without this, the copy attested by the clerk, is no higher evidence than one attested by any other individual. This recorded certificate being entirely wanting on these copies, they were properly rejected, and the instruction followed with the same propriety.
But there was a motion for a new trial on the ground of surprise, supported by the affidavit of the plaintiff, and overruled by the court, which next claims our attention.
The affidavit states, “that he was surprised by the rejection of the deed; that he believed the deed filed, or copy, was competent evidence, and that he *22 procured the copy from the Bath county court clerk's office; and he also believed that a copy of the article of agreement, being recognized by the deed first; mentioned, would be competent evidence, and, therefore, he was surprised by its rejection.”
It ought, in such case, at least to appear that the want of the proper certificates had not been discovered by the counsel till after the commencement of the trial, and that the error was the clerk's, and the emission could be supplied.
Triplett, for plaintiff; Chinn, for defendant.
Parties litigant, may be surprised by the evidence of their adversaries, or by undue advantages taken, which could not be foreseen, or by a loss of some of their own evidence which they believed present.
But when, by a correct decision of the court, their own evidence is set aside, because it is either incompetent or irrelevant, and more especially, where it is written, and in the hands of themselves or counsel, and rejected because it is not properly authenticated, the evidence of mistake and surprise, in consequence thereof, ought to be clearly made out by the affidavit of the party, or other strong circumstances, as held by this court at the present term, in the case of Holmes, &c. vs. M’Kinney.—Such a case is not made out by this affidavit
If the affidavit had placed the surprise, on the failure of the clerk to certify these papers, as they ought to have been certified, and that the error was not discovered till it was too late; and that these writing were properly recorded, and could be presented in a different shape on another trial, there would, to say the least of it, have been a more apparent plausibility in this application. But on these points the affidavit is totally silent, and from any thing that appears, on another trial his rejected evidence would have been in the same situation, and therefore, no good cause for a new trial was shewn.
The judgment must be affirmed with costs.